**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BIN ZHANG,<br><br>          Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>          Respondent. | No. 07-71165<br><br>Agency No. A016-077-185<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Bin Zhang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision ("IJ") denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we grant the petition for review and remand.

Substantial evidence does not support the agency's denial of Zhang's claims on the basis of an adverse credibility determination. *See Kaur v. Ashcroft*, 379 F.3d 876, 885-90 (9th Cir. 2004). The IJ did not specifically and cogently refer to any non-verbal aspect of Zhang's demeanor, *see Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir. 2003), and did not specify portions of the testimony where Zhang was unresponsive, *see Singh v. Ashcroft*, 301 F.3d 1109, 1114 (9th Cir. 2002), thus those findings are not supported. The IJ's finding with respect to whether Zhang's mother attended Long Ma's house church is also unsupported. *See He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003) ("[F]aulty or unreliable translations can undermine the evidence on which an adverse credibility determination is based."). In addition, the IJ impermissibly engaged in speculation and conjecture regarding: (1) how long it would take Zhang to decide to convert to Christianity; (2) whether he would know the full name of Lucy, the woman who introduced him to Christianity; and (3) whether he would lose touch with Lucy. *See Kaur*, 379 F.3d at 886-87. Furthermore, Zhang's testimony and asylum application are not inconsistent with respect to whether he was alone when he first met Lucy, or with respect to whether he was in Shanghai at the time he claimed to

have become a Christian there.  *See Paramasamy v. Ashcroft*, 295 F.3d 1047, 1052-54 (9th Cir. 2002).

The IJ did not address Zhang's explanation for the perceived discrepancy between his testimony and asylum application with respect to whether his mother informed him church members other than Long Ma were arrested, *see Kaur*, 379 F.3d at 887, and did not give Zhang the opportunity to explain the omission from his asylum application that police told his mother not to warn Zhang he would be arrested, *see Tekle*, 533 F.3d at 1054.

Finally, because none of the IJ's adverse credibility findings are supported, Zhang was not required to provide corroboration.  *See Kaur*, 379 F.3d at 890.

We grant the petition for review and remand to the BIA on an open record for further proceedings consistent with this disposition.  *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1093-96 (9th Cir. 2009); *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**